UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHAUNCEY PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-49 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| RAMOZ TOWING, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this case *pro se* and was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. This action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in form pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." For the reasons stated herein, I recommend that the complaint be dismissed.

## Discussion

Dismissal of a complaint for failure to state a claim on which relief may be granted under § 1915(e)(2) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To survive dismissal under § 1915(e)(2)(B),

> [a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.3d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

*Mitchell v. Cmty. Care Fellowship*, 8 F. App'x 512, 513 (6th Cir. 2001).

Plaintiff alleges that he is a resident of Muskegon Heights, Michigan and he provides a Muskegon Heights address for the defendant, Ramoz Towing. Plaintiff alleges that in August 2017, defendant towed his car and that defendant later sold the car while he was in jail. Plaintiff seeks to recover $50,000 in damages from defendant under 42 U.S.C. § 1983.

The Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). "Notwithstanding the entitlement of a *pro se* litigant to liberal construction of his pleadings and filings, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Balcar v. Jefferson Cty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, at *1 (6th Cir. Sept. 8, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Upon a liberal reading of plaintiff's complaint, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not alleged any facts indicating that defendant

is a state actor. A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978)). Section 1983 does not create a cause of action against a private actor " 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that I recommend dismissal of the complaint, I recommend that, should the Court dismiss the action, it also find that there is no good-faith basis for an appeal.

### Recommended Disposition

For the foregoing reasons, I recommend that the complaint be dismissed for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii). I further recommend that the Court find no good-faith basis for appeal.

Dated:  April 12, 2018 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

     ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).