UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAUNCEY PHILLIPS, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-49 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| RAMOZ TOWING, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In this lawsuit, Plaintiff Chauncey Phillips alleges Defendant Ramoz Towing illegally sold his car, violating Phillips's due process rights under the Fourteenth Amendment. Phillips is not represented by an attorney and his application to proceed *in forma pauperis* has been granted. Accordingly, his complaint was reviewed by the magistrate judge under 28 U.S.C. 1915(e)(2).

Before this Court is a report and recommendation issued by the magistrate judge. (ECF No. 14.) The magistrate judge interpreted the complaint as alleging a claim under § 1983. The magistrate judge recommended the lawsuit be dismissed for failure to state a claim because the complaint failed to allege facts establishing that Ramoz Towing was acting under color of state law.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Phillips has not timely filed any objection. Since the report and recommendation was mailed to Phillips, the Court has received and docketed four items, none of which address the deficiencies identified in the report and recommendation. Phillips filed a motion to stay (ECF No. 16) explaining that he will soon be filing a police report. It is not clear when the report was issued, or if it something that Phillips intends to report to the local police. Phillips does not disclose the contents of the report. Phillips sent a letter (ECF No. 17) asking for access to the law library. Through a notice (ECF No. 18), Phillips identifies two witnesses. Finally, Phillips filed a document titled "Motion to Amend." (ECF No. 19.) The document, however, is not a motion to amend his complaint. In the document, Phillips identifies when he purchased a particular vehicle. Attached to the document is list of questions Phillips would like Ramoz Towing to answer.

The Report and Recommendation (ECF No. 14) is **ADOPTED** as the opinion of this Court. Liberally interpreting all of the Phillips's submissions, none of the information he has submitted to the Court provide any factual basis for concluding that Ramoz Towing was a state actor. And, as explained in the Report and Recommendation, private entities acting on their own cannot deprive an individual of his or her constitutional rights. Our constitution generally limits actions by the state, not actions by private individuals. And, therefore, Phillips has failed to state a federal claim for violation of his due process rights

under the Fourteenth Amendment. To be clear, the Court makes no conclusions about any claim that Phillips might have under state law.

Because the complaint fails to state a claim, the matter will be **DISMISSED**. The Court has reviewed the record and concludes that there is no good-faith basis for an appeal. **IT IS SO ORDERED.**

Date: May 8, 2018   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge